UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOREEN STOIA,<br><br>    Plaintiff,<br><br>v.<br><br>SHANE RYAN, *et al.*,<br><br>    Defendants. | CIVIL ACTION<br><br>No. 09-5947 |

August 9, 2010                                          Pollak, J.

## **MEMORANDUM**

On March 16, 2010, Chief United States Magistrate Judge Thomas J. Reuter filed a Report and Recommendation (R&R) (Doc. No. 11) recommending that petitioner Doreen Stoia's Petition for Writ of Habeas Corpus (Doc. No. 1), filed pursuant to 28 U.S.C. § 2254, be dismissed with prejudice as barred by the one-year statute of limitations. In so recommending, Judge Reuter relied on the fact that petitioner's judgment became final on May 2, 2007 and petitioner did not file her habeas petition until December 10, 2009. *See* R&R at 1. Even accounting for the tolling of the one-year statute of limitations during the time petitioner had a Post Conviction Relief Act ("PCRA") petition pending, petitioner filed her habeas petition fifty nine days after the statute of limitations expired. *See id.* at 2. Petitioner has not filed an objection to Judge Reuter's R&R.

Petitioner filed a habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to § 2244(d), habeas petitions must be filed in a timely manner. 28 U.S.C. § 2244(d). Section 2244, enacted as part of AEDPA, provides that in order for a habeas petition to be considered timely, it must be filed within a year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner's judgment became final by the conclusion of direct review on May 2, 2007. *See* R&R at 3. This means petitioner had until May 1, 2008 to file a timely habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file her habeas petition until December 10, 2009 (Doc. No. 1). However, under § 2244(d)(2), the AEDPA statute of limitations is tolled during the time a "properly filed" PCRA petition is pending.[1]

Petitioner filed her PCRA petition in the Superior Court of Pennsylvania on August 1, 2007. *See* R&R at 4. That court affirmed the dismissal of such petition on December 12, 2008. *Id.* On January 11, 2008, the time to seek review expired, and therefore the one year AEDPA statute of limitations began to run again. Because petitioner had filed her PCRA petition ninety one days after the AEDPA statute of limitations began to run, petitioner had 274 days from January 11, 2008 to file a timely

---

[1] Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.*

habeas petition. Even accounting for the tolling of the AEDPA statute of limitations while her PCRA petition was pending, petitioner had until October 12, 2009 to file a timely habeas petition. Because petitioner filed her habeas petition on December 10, 2009, such petition is time-barred by the AEDPA statute of limitations. Therefore, I adopt the R&R.